, TYLER PARSONS *vs.* BENJAMIN MERRILL, Administrator.

Where a debtor mortgages his goods after they are attached, and dies before they are taken or seized on execution, the attachment is dissolved, by virtue of the Rev. Sts. *c.* 90, § 105, though the mortgagor's estate is insolvent. And in such case, if the attaching officer deliver the goods to the administrator of the mortgagor, on his demanding them and paying him his fees and charges, as directed by Rev. Sts. *c.* 90, § 106, the mortgagee, on demand upon the administrator for the goods, and his refusal to deliver them, may maintain an action of replevin for the goods, against the administrator, without first paying or tendering to him the amount paid by him to the officer for fees and charges of attachment.

REPLEVIN of goods which had been attached, on the 13th of June 1842, in suits against Samuel F. Parsons, the defend-

---

* See *Eagle Bank at Providence* v. *Hathaway, ante,* 212.

ant's 'ntestate, and which said intestate had conveyed to his father, the plaintiff, by a mortgage, made and recorded on the 25th of said June. This mortgage was made to secure an antecedent debt due to the plaintiff from the intestate, and also a sum of money advanced to the intestate, by the plaintiff, when the mortgage was executed. The intestate died on the 4th of August 1842, and letters of administration on his estate were granted to the defendant on the 16th of the same month. The defendant, shortly after, demanded said goods of the attaching officer, and promised to pay him his legal fees and charges for attaching and keeping them. The officer thereupon gave notice to the keeper, to whose care he had intrusted the goods, that he was thereafter to hold them for the defendant. The plaintiff afterwards, and before he commenced this action, demanded the goods of the defendant, and the defendant refused to deliver them to him. After the commencement of this action, the goods were sold, by agreement of parties ; one of the actions in which they were attached, being still pending.

When said mortgage and attachments were made, the intestate was believed to be insolvent, and the plaintiff had previously made an unsuccessful effort, in behalf of the intestate, to effect a compromise with one or more of his creditors, by offering to pay one tenth part of their demands ; and in so doing, he assumed to act as the intestate's agent and attorney.

It was agreed that if, upon the foregoing facts, the attachments of said goods were dissolved, and if the mortgage was valid, and this action well brought, then judgment should be rendered for the plaintiff ; otherwise, that the defendant should have judgment for a return of the goods, or for their value, deducting the necessary expenses.

*N. J. Lord*, for the plaintiff. Property under attachment may be mortgaged ; *Fettyplace* v. *Dutch*, 13 Pick. 388 ; and a delivery is not necessary, if the mortgage be recorded. *Bullock* v. *Williams*, 16 Pick. 33. By the Rev. Sts. *c.* 90, §§ 105, 106, attachments are dissolved by the death of the debtor, if administration is taken on his estate within a year, and the administrator is entitled to possession of the goods, on pay-

ing to the attaching officer his fees and charges. But h** cannot hold them against the mortgagee.

*Roberts*, (*Ward* was with him,) for the defendant, suggested that the attachment was not dissolved in this case, as it was not w'thin the spirit and intent of the Rev. Sts. *c.* 90, § 105, that upon a debtor's decease, his property should be taken from one lien creditor and be given to another. That, however, will be the effect of the statute, if the plaintiff can maintain this action. The purpose of the statute is, that the property shall be brought into a general fund for all the creditors of the deceased. The plaintiff cannot maintain replevin against the defendant, as he did not tender to him, before action brought, the amount which he paid to the officer for charges of attachment. The defendant had a right to retain the goods, on that account, if on no other.

The mortgage was fraudulent and void, as against the intestate's creditors. The facts show that the plaintiff knew the intestate was insolvent, when the mortgage was made. The object of it was, therefore, to defraud and delay other creditors. Roberts Fraud. Con. 593, 594. *Babcock* v. *Booth*, 2 Hill's (N. Y.) Rep. 181 *Hawes* v. *Leader*, Cro. Jac. 270.

*Lord*, in reply. The intestate had a legal right, while he lived, to prefer one of his creditors. If he had been brought under the operation of the insolvent laws of 1838, *c.* 163, and 1841, *c.* 124, the attachments might have been saved, and the property been applied, by his assignees, towards the payment of all his debts. But no such provision has been made in alteration of the Rev. Sts. *c.* 90, § 105 ; and the mortgage to the plaintiff, being on good consideration, is not fraudulent against the other creditors. The intestate left only an equity of redemption, which the defendant could reach.

SHAW, C. J. The decision of this case appears to us to depend upon a few plain provisions of law. It is agreed that a demand was made by the plaintiff, on the defendant, for a delivery of the goods, which was refused, before the action was commenced.

The fact that the goods were under attachment did not prevent the owner from making a conveyance of them by sale or

mortgage. *Fettyplace* v. *Dutch*, 13 Pick. 388. *Arnold* v. *Brown*, 24 Pick. 89. *Grant* v. *Lyman*, 4 Met. 470. In this case the consideration of the conveyance is not contested. Then by the death of the debtor, before the goods were taken or seized on execution, and administration taken within one year, the attachment was dissolved. Rev. Sts. *c.* 90, § 105.

The mortgage, having been duly made and recorded, was good without actual delivery of the goods ; *Bullock* v. *Williams*, 16 Pick. 33 ; and would have constituted a valid hypothecation, had they remained in the possession of the mortgagor. When, therefore, the administrator paid the expenses to the attaching officer, and took the goods into his own possession, for the purpose of administration, as he might by Rev. Sts. *c.* 90, § 106, he still held them subject to the valid mortgage made by his intestate to the plaintiff. He had a right to hold the goods, subject to such mortgage, and if they had been of greater value, than the amount for which they were mortgaged, it would have been for the benefit of the estate that he should do so. It was a right to redeem, for the benefit of the general creditors, and to take the goods from the attaching officer, for that purpose, on payment of the fees ; but he could not defeat or set aside the mortgage. No doubt the general object of the statute was to defeat that particular attachment, and so bring the attached property into the general fund, as assets, and thus secure a more equitable distribution ; and this will be the result, when there is no con-veyance or mortgage, subsequent to the attachment, or when the attached property exceeds in value the amount for which it is mortgaged. This precise case was not probably in the contem plation of the legislature ; but we think it comes within the stat ute provisions which, in their general operation, are beneficial

It was said that at all events the action could not be main tained, without first tendering to the defendant the amount which he had paid to the attaching officer for his fees. If indeed it turns out, that the goods are worth no more than they were mortgaged for, so that the estate, represented by the defendant, derives no benefit from his payment, it would be very equitable for the plaintiff, to reimburse him that expense. But when it

is relied on, as a condition precedent to maintaining the action, it is a very different question, and it becomes necessary to examine the legal grounds of such claim. The administrator, in paying such expenses, is presumed to act for the benefit of the estate, either because he is ignorant of the mortgage, or under a belief that the right of redeeming was of value to the estate, or intending to contest the validity of the mortgage. He was under no obligation to do it, and the fact of doing it shows, in the absence of other proof, that it was done for the estate ; and here is no proof that it was done at the request or for the benefit of the mortgagee. In the absence of any legal obligation, or of any request, express or implied, from the plaintiff to the defendant, to pay those expenses for his account, we can perceive no ground, on which their reimbursement can be held to be a condition precedent to maintaining the action.

*Defendant defaulted, and judgment for nominal damages.*